## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILMER MARTINEZ,**

    **Plaintiff,**

v.                                                         CASE NO.:

**LORENZ INTERNATIONAL, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILMER MARTINEZ, by and through undersigned counsel, brings this action against Defendant, LORENZ INTERNATIONAL, LLC, and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pasco County, Florida.

### PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant operates a company based in Pennsylvania, but Plaintiff worked remotely for Defendant in Pasco County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8. Plaintiff is a member of a protected class of persons under Section 1981.

9. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

11. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

12. Plaintiff has satisfied all conditions precedent, or they have been waived.

13. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

14. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

15. Plaintiff is of Latin American origin/ethnicity.

16. Throughout the course of his employment, Plaintiff was subjected to discrimination based on his national origin and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

17. Throughout the course of his employment, Plaintiff was subjected to discrimination based on his ethnicity and retaliation for engaging in protected activity, in violation of Section 1981.

18. Although Plaintiff was successfully performing his job duties, in or around December 2024, as a result of a minor error, Plaintiff was placed on a corrective and preventative action ("CAPA")—an occurrence which was not uncommon for other employees outside of Plaintiff's protected category.

19. Plaintiff went through the CAPA, and it was formally closed and resolved.

20. In or around mid-February 2025, Plaintiff spoke with his manager and his manager's manager to inquire about Defendant potentially sponsoring Plaintiff's work Visa.

21. Plaintiff's manager and manager's manager informed Plaintiff that they would discuss this internally, however, they never got back to Plaintiff.

22. Plaintiff was the only Latin American employee in the Implementation Group, out of roughly eight employees.

23. Additionally, Defendant had only one other employee, besides Plaintiff, who was Latin American.

24. The vast majority of Defendant's employees were Indian.

25. Throughout Plaintiff's employment, Defendant showed disparate treatment toward Plaintiff, which Plaintiff objected to.

26. In or around February 2025, Plaintiff had a conversation with his two managers, wherein they both provided Plaintiff with very positive feedback regarding his performance.

27. However, shortly thereafter, on or around March 3, 2025, Defendant terminated Plaintiff's employment at what was supposed to be a standard, annual performance review.

28. Defendant offered the pretextual reasons of "poor performance" and an "unresolved CAPA," both of which were false.

29. Plaintiff was performing as well as his non-Latin co-workers, however, Defendant terminated Plaintiff's employment based on Plaintiff's national origin and in retaliation for Plaintiff having engaged in protected activity, in violation of Section 1981, Title VII, and the FCRA.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 15, and 17 through 29 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class of persons under Section 1981.

32. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

33. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

34. Defendant's actions were willful and done with malice.

35. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

36. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 15, and 17 through 29 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class of persons under Section 1981.

39. By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

40. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

41. Defendant's actions were willful and done with malice.

42. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

43. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

44. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

7

  (e)  Punitive damages;

  (f)  Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  (g)  Prejudgment interest on all monetary recovery obtained;

  (h)  All costs and attorney's fees incurred in prosecuting these claims; and

  (i)  For such further relief as this Court deems just and equitable.

### COUNT III – TITLE VII VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 16, and 18 through 29 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Title VII.

47. Plaintiff was subjected to disparate treatment on the basis of his national origin, including termination from his employment.

48. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## **COUNT IV – TITLE VII RETALIATION**

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 16, and 18 through 29 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under Title VII, based on his national origin.

9

53. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

54. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment after he engaged in protected activity.

55. Defendant's actions were willful and done with malice.

56. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

57. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 16, and 18 through 29 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA, based on his national origin.

60. Plaintiff was subjected to disparate treatment on the basis of his national origin, including termination of his employment.

61. Defendant's actions were willful and done with malice.

62. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

63. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 12 through 16, and 18 through 29 of this Complaint, as though fully set forth herein.

64. Plaintiff is a member of a protected class under the FCRA.

65. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

66. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment after he engaged in protected activity.

67. Defendant's actions were willful and done with malice.

68. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

69. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 9th day of October, 2025.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**