**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILMER MARTINEZ**,

      Plaintiff,

    v.                           Case No. 8:25-cv-02764-WFJ-AEP

**LORENZ INTERNATIONAL, LLC**,

      Defendants.

_____/

## ORDER

Before the Court is Defendant Lorenz International, LLC's ("Lorenz") Motion to Transfer Venue. Dkt. 24. Plaintiff Wilmer Martinez ("Martinez") has responded in opposition. Dkt. 29. For the reasons outlined below, the Court grants Defendant's motion.

This case arises from an employment relationship between Martinez and Lorenz, wherein Lorenz hired Martinez as a Regulatory Solutions Excellence Consultant. Dkt. 19-1 ¶ 4. As a condition of his employment, Martinez entered into an Employment Agreement with Lorenz dated July 27, 2020. Dkt. 19-2. The Employment Agreement contains the following language:

> *Governing Law*. This Agreement shall be governed by the laws of the State of Maryland without giving effect to the conflicts of law principles thereof. *All lawsuits, actions, and other proceedings arising from this Agreement or the transactions it contemplates* shall be brought and prosecuted in the U.S. District Court for the District of

1

Maryland or the Circuit Court for Baltimore County, Maryland, and all parties agree and consent to both subject matter and in personal jurisdiction in those courts.

*Id.* ¶ 17 (emphasis added).

On March 3, 2025, Martinez was terminated from his position. Dkt. 22 ¶ 27. Following his termination, Martinez filed a charge of discrimination with the EEOC and FCHR alleging discrimination and retaliation. Dkt. 19-3. The EEOC eventually issued Martinez a "Right to Sue" letter, Dkt. 19-4, and he proceeded to file his initial Complaint in the Middle District of Florida on October 9, 2025, alleging Title VII and FCRA violations. Dkt. 1. Lorenz filed a Motion to Transfer Venue on December 19, 2025, Dkt. 19, which was mooted by Martinez filing an Amended Complaint on December 19, 2025. Dkts. 22, 23. Lorenz then filed the instant Motion to Transfer Venue, Dkt. 24, which the Court now considers.

The Court finds the "arising from" language of Martinez's Employment Agreement to be sufficient to cover this employment-related claim of discrimination and retaliation. *See* Dkt. 19-2 ¶ 17; *see also* Dkt. 22 ¶¶ 16, 17 (emphasis added) ("*Throughout the course of his employment*, Plaintiff was subjected to discrimination . . . and retaliation[.]). This forum selection clause was a term Martinez agreed to for his employment—it is enforceable and mandatory, and thus a *forum non conveniens* analysis does not favor the Middle District of Florida. *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 883 (11th Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571

2

U.S. 49, 64 (2013); *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028–29 (11th Cir. 2014)) ("By agreeing to a forum-selection clause, the parties 'waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.' Thus, '[a] binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum.' Because public-interest factors will 'rarely defeat a transfer motion, . . . forum-selection clauses should control except in unusual cases.'").

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). The Court finds that Plaintiff Martinez has failed to make such a showing here. *See* Dkt. 29 at 6–13.

Therefore, the Court finds it proper to transfer the instant action to the District of Maryland. Accordingly, the following is **ORDERED**:

1. Defendant Lorenz International, LLC's Motion to Transfer Venue, Dkt. 24, is **GRANTED**.

2. The Clerk is directed to **TRANSFER** this case to the United States District Court for the District of Maryland for all further proceedings. Following transfer, the Clerk is directed to terminate any pending motions and deadlines and **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, on February 12, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

4